IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00214-PSF-CBS

TYRONE W. ALLEN,
Plaintiff,
v.

UNITED PROPERTIES AND CONSTRUCTION, INC.,
DYMANIC [sic] INTERNATIONAL FUNDING, INC.,
KEVIN CLARK,
DENVER LENDING GROUP, INC., and
BOB P. TAYLOR,
Defendants.

---

**MEMORANDUM ORDER**

---

Magistrate Judge Craig B. Shaffer

Consistent with a court's inherent power to manage the litigation before it and to vindicate that authority, a judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or a failure to comply with court orders or the Federal Rules of Civil Procedure. *See* D.C.COLO.LCivR 41.1. *Cf. Larsen v. City of Beloit*, 130 F.3d 1278, 1286-87 (7th Cir. 1997) (noting that a court's inherent power to sanction should be exercised by means of a rule to show cause or similar procedure). I issued just such an order in this case on August 31, 2007.[1] In view of Mr. Allen's continued non-compliance, further action by the court is required.

---

[1]Pursuant to an Order of Reference dated January 21, 2007 (doc. # 3), this civil action was referred to the Magistrate Judge to, *inter alia*, "hear and determine pretrial matters, including discovery and other non-dispositive matters"

I.      Court's Orders and Order to Show Cause and Mr. Allen's Conduct in Response

Some background information may be helpful to place the instant Memorandum Order in context. As a *pro se* plaintiff, Mr. Allen initiated this action on January 29, 2007 with the filing of "Plaintiff[']s Motion Pursuant to Rule 65(i) . . . ." (doc. # 1), seeking injunctive relief from "orders issued by Judge Mullins, Denver District Court, case number 07CV161 and interlocutory injunction against defendants title, possession and writ of restitution." Mr. Allen's motion for injunctive relief named as defendants United Properties and Construction, Inc. (hereinafter "United Properties'), Dymanic [sic] International Funding, Inc. (hereinafter "Dynamic International"), Kevin Clark, Denver Lending Group, Inc. (hereinafter "Denver Lending"), Bob P. Taylor, the Denver District Court, and the Denver Public Trustee's Office. On February 2, 2007, Defendants Denver Lending and Taylor moved to dismiss Mr. Allen's "Motion Pursuant to Rule 65(i)." (*See* doc. # 5). In particular, Denver Lending and Taylor argued that the federal court lacked subject matter jurisdiction in light of the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Mr. Allen's response to this motion to dismiss was due on or before February 22, 2007. *See* D.C.COLO.LCivR 7.1C (providing that a responding party shall have 20 days after the filing date of the motion, or such lesser or greater time as the court may allow, in which to file a response). On February 5, 2007, this court issued a Minute Order setting a hearing on all pending motions for March 1, 2007.

Although Mr. Allen never actually responded to Defendants Denver Lending and Taylor's February 2, 2007 Motion to Dismiss, he did file a "Civil Complaint" (doc. # 13) on March 1, 2007. This Complaint named as defendants United Properties, Dynamic International, Kevin

Clark, Denver Lending, and Bob P. Taylor. Mr. Allen's Complaint alleged certain "violations" of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*., and 24 C.F.R. § 3500.1, *et seq*., and the Truth and Lending Act, 15 U.S.C. § 15 U.S.C. § 1638, *et seq*., and 12 C.F.R. § 226.01. Mr. Allen's Complaint also asserted violations of the Colorado Consumer Protection Act, C.R.S. § 6-1-105, and the anti-fraud provisions in C.R.S. § 38-10-117, § 38-40-102, § 38-40-104, and § 38- 40-105. Mr. Allen's "First Prayer for Relief" was directed against Defendant United Properties, his "Second Prayer for Relief" was directed against Defendant Dynamic International, his "Third Prayer for Relief" was directed toward Defendant Denver Lending, his "Fourth Prayer for Relief" focused on Defendant Kevin Clark, and the "Fifth Prayer for Relief" named Defendant Bob Taylor. The "Civil Complaint" did not name the Denver District Court or the Denver Public Trustee's Office as defendants, thus effectively removing them from this litigation.

During the hearing on March 1, 2007, Mr. Allen withdrew his "Motion Pursuant to Rule 65(i)" and Amended Motion for Emergency Temporary Restraining Order (doc. # 2), which mooted the Motion to Dismiss (doc. # 10) filed by Defendant Denver District Court on February 28, 2007. Defendants Denver Lending and Taylor's Motion to Dismiss also became moot as it was directed to the withdrawn "Motion Pursuant to Rule 65(I)." Defendants United Properties, Dynamic International, and Kevin Clark were neither present nor represented by counsel at the March 1st hearing. However, Mr. Allen assured the court that his process server had perfected service on those parties on February 28, 2007. As of the March 1st hearing, there were no entries in the court docket showing a return of service for United Properties, Dynamic International or Kevin Clark.

On March 21, 2007, Defendants Denver Lending and Taylor renewed their Motion to Dismiss (doc. # 15). Their accompanying brief argued that Mr. Allen had failed to obtain proper service in accordance with Fed.R.Civ.P. 4, and that his Civil Complaint failed to comply with the pleading requirements of Fed.R.Civ.P. 8(a)(2) and 9(b). The moving Defendants further argued that Mr. Allen's Fifth Prayer for Relief against Defendant Taylor was barred by Mr. Allen's pending state litigation and the *Rooker-Feldman* doctrine.

By a Minute Order dated March 23, 2007, this court directed Mr. Allen to file his response to Defendants' Motion to Dismiss on or before April 10, 2007. Rather than filing a responsive brief, on April 10, 2007, Mr. Allen filed a "Motion for an Extension of Time to Respond to Defendants Motion and Brief to Dismiss" (doc. # 19). Mr. Allen explained that he required "additional time to compile the required information and calculations." I granted Mr. Allen' request and directed him to file a response to Defendants' Motion to Dismiss on or before April 20, 2007. Mr. Allen moved for a "Second Extension of Time to Respond to Defendants[']  Motion and Brief to Dismiss" (doc. # 22) on April 20, 2007, stating that he required additional time because he "has discovered additional documents, and significant facts which will assist in plaintiff(s) case" and because he "needs additional time to verify and supplement the court file." In granting this motion, I directed Mr. Allen to file his responsive brief on or before May 4, 2007.

Although he missed the May 4th deadline, Mr. Allen filed a "Motion for Stay of Proceedings" (doc. # 25) on May 7, 2007, which was not opposed by Defendants Denver Lending and Taylor. Mr. Allen advised that a hearing had been set by the Denver District Court "in case number 07 CV 161" and represented to this court that all parties in the state action "are the identical parties in this case" and that "the matters at issue" in the state and federal lawsuits "are

similar." According to Mr. Allen's motion for stay, the Denver District Court had expressed its intention to resolve ownership issues relating to the subject property and then address all other claims alleging fraud and violations of the Truth in Lending Act. Mr. Allen suggested that

> 4.   It would be to the advantage of all parties and this honorable court to stay its proceedings at this time in these matters to avoid competing orders, and judicial conflict.
>
> 5.   The Denver District court proceeding is senior, to the proceedings in this court, and the Denver District court has stated its intent to place all matters at issue on a fast track for Resolution.

(*See* doc. # 25). Relying upon Mr. Allen's representations and without objection from Defendants Denver Lending and Taylor, the court granted a stay on May 16, 2007 and set a status conference for June 21, 2007, which was subsequently re-scheduled to July 9, 2007.

The court addressed the current posture of the federal and state lawsuits during the status conference on July 9, 2007. Mr. Allen advised that he had filed an amended complaint in the state court action and would be filing an amended complaint in this case, as well. Mr. Allen stated that his federal amended complaint would only address claims under the Truth in Lending Act and the Real Estate Settlement Procedures Act, and that he intended to pursue any fraud claims against the defendants in his state action. At the July 9th status conference, I also attempted to resolve the status of United Properties, Dynamic International and Kevin Clark, since the court's docket still contained no entries reflecting service on these parties. Mr. Allen assured me that United Properties, Dynamic International and Mr. Clark had been properly served in March 2007, and that he had copies of the process server's affidavits reflecting that service. However, in an effort to expedite the litigation, Mr. Allen stated that he would re-serve those parties "this week." At

the conclusion of the July 9th status conference, I lifted the stay previously imposed at Mr. Allen's request and directed Mr. Allen to serve or show proof of service on Defendants United Properties, Dynamic International and Clark within 14 days. I also ordered Mr. Allen to file his response to Denver Lending and Taylor's pending Motion to Dismiss within 20 days.

After Mr. Allen missed both of these deadlines, this court issued an Order (doc. # 39) on August 31, 2007, directing Mr. Allen to show cause in writing on or before September 14, 2007 why this civil action should not be dismissed with prejudice for failure to comply with the court's orders and rules, failure to timely serve Defendants and failure to prosecute. The court warned Mr. Allen that failure to respond to the Order to Show Cause could result in a Recommendation for dismissal of this action.

On September 14, 2007, Mr. Allen filed his "Brief in Responds [sic] to Court Order to Show Cause Pursuant to Local Rule 41(1)" (doc. # 42). Mr. Allen provided the following explanation for his past failures to comply with court orders and the Federal Rules of Civil Procedure:

> Prior to this controversy plaintiff Tyrone W. Allen, was suffering from Hypertension, (High Blood Pressure) which was medically diagnosed, and treated by Dr. Dave Garland, located at 100 Acoma Street, Colorado 80202. Plaintiff's Condition worsened after defendants wrongfully took plaintiffs property, the condition went from mild to server [sic], plaintiffs [sic] blood pressure was continually 160/110.
>
> On July 9, 2007, the [sic] lifted the stay and directed Mr. Allen to serve or show proof of service upon Clark, United Properties and Construction, and Dynamic International Funding, Inc. within 14 days and responds to a pending motion to dismiss within 20 days.
>
> Plaintiff's condition continued during this time, plaintiff(s) blood pressure was continually server [sic], and plaintiff was suffering from numbs [sic] in his arms and chest pains. It was concluded that the major change in plaintiffs [sic] life,

>   the unlawful Possession of plaintiff [sic] home could have caused the condition to worsen and plaintiff could not work or pay bills such as utilities, and Dr. Garland's office issued a Medical Exemption on behalf of plaintiff to Xecel [sic] Energy, of Colorado.
>
>   Plaintiff is ready and anxious to proceed and is not trying to delay this matter. At the time of this filing plaintiff as effectively served an summons and complaint upon defendants Clark, United Properties and Construction and Dynamic International Funding, with return of service filed with the clerk located in the United States District Court House, Denver, Colorado.

(*See* doc. # 42).

Also on September 14, 2007, Mr. Allen filed a "Motion for Extention [sic] of Time Defendants Denver Lending Group, Inc., Bob P. Taylor Motion to Dismiss" (doc. # 41). Mr. Allen explained that a further extension of time until September 24, 2007 was required because he "was ill, and since plaintiff's illness, plaintiff has hired legal assistance. Plaintiff's legal assist [sic] is out of town until Monday 17, 2007."

Rather than responding to Denver Lending and Bob Taylor's Motion to Dismiss, on September 24, 2007, Mr. Allen filed a "First Amended Civil Complaint." A review of the First Amended Complaint reveals that the claims against Defendants Denver Lending and Taylor are virtually unchanged from the original Civil Complaint. Both pleadings allege that Denver Lending Group, Inc. became liable to Mr. Allen after Defendant Taylor acquired title to the subject property from United Properties. *Compare* Civil Complaint (doc. # 13), at p. 11, ¶ 1.1, and First Amended Complaint (doc. # 44), at p. 11, ¶ 1.1. Although Mr. Allen advised this court on July 9, 2007 that he intended to pursue his fraud claims in state court, "Plaintiffs Third Prayer for Relief" in the First Amended Civil Complaint continues to allege that Denver Lending Group engaged in "deceptive trade practice" under the Colorado Consumer Protection Act. *Compare* Civil

Complaint (doc. # 13), at p. 16, ¶ 1.3, and First Amended Civil Complaint (doc. # 44), at p. 13, ¶ 1.3 The "Fifth Prayer for Relief" asserted against Defendant Taylor in the First Amended Civil Complaint is identical in every material respect to "Plaintiffs Fifth Prayer for Relief" in the original Complaint. *Compare* Civil Complaint (doc. # 13), at p. 17. ¶ 1.1, and First Amended Civil Complaint (doc. # 44), at p. 14, ¶ 1.1.

Defendants Denver Lending and Bob Taylor have moved to strike Mr. Allen's First Amended Civil Complaint (doc. # 46), arguing that Mr. Allen failed to comply with the service requirements imposed by Fed.R.Civ.P. 5(b)(1), and failed to properly amend his Complaint pursuant to Fed.R.Civ.P. 15(a) by not first obtaining leave of court. The latter argument is unavailing. Rule 15(a) provides that a plaintiff may amend his pleading once as a matter of course at any time before a responsive pleading is served. Defendants' motion to dismiss is not considered a "responsive pleading" for purposes of Rule 15(a). *See Glenn v. First National Bank*, 868 F.2d 368, 370 (10th Cir. 1989). Accordingly, Mr. Allen was permitted to amend his complaint as a matter of right and was not required to obtain leave of court before filing his First Amended Civil Complaint. Mr. Allen must fully comply with his service obligations under Rule 5(b)(1) and properly serve defense counsel within 48 hours of this Order.

While Mr. Allen must be permitted to amend his original Complaint, this court is not required, nor inclined, to overlook Mr. Allen's failure to comply with court orders. In his Response to my Order to Show Cause, Mr. Allen suggested that his failure to meet deadlines and comply with court orders should be attributed to hypertension "that worsened after defendants wrongfully took plaintiffs property." (*See* doc. # 42). While Mr. Allen's Response does not identify a specific date when his property allegedly was taken, information in the court file

suggests that Mr. Allen's property was conveyed to Defendant Taylor on December 6, 2006 with the issuance of a Pubic Trustee's Deed. This event occurred approximately one month before Mr. Allen initiated the instant lawsuit. Information in the court file also suggests that Defendant Taylor executed on a writ of restitution through the Denver County Sheriff's Department on February 5, 2007, approximately forty days before Defendant Taylor and Denver Lending filed their second motion to dismiss. Between March 21, 2007 and July 9, 2007, Mr. Allen filed two motions for extension of time in which to respond to Defendants' Motion to Dismiss. Neither of those motions referred to Mr. Allen's hypertension or cited medical reasons for the requested extension.

To the contrary, Mr. Allen requested additional time purportedly in order to "compile" information and facts to support his case. Mr. Allen explicitly stated that "granting such time will not delay nor hinder the court or the respondents." Moreover, on May 7, 2007, Mr. Allen moved to stay proceedings in this case, ostensibly because the state litigation was on a "fast track for Resolution." Mr. Allen's motion to stay made no reference to medical problems that might impede a "fast track" resolution of the state litigation or, by implication, the federal law suit. Mr. Allen personally appeared before the court on July 9, 2007, at which time I directed him to respond to Defendants' motion to dismiss by July 29, 2007. During the July 9th status conference, Mr. Allen made no reference to his high blood pressure and voiced no objection to the court-imposed deadlines.

Finally, Mr. Allen has failed to comply with my July 9th Order requiring him to either serve or show proof, on or before July 23, 2007, that he has properly served United Properties and Construction, Inc., Dynamic International Funding, Inc. and Clark. My Order was based upon

Mr. Allen's prior representation that United Properties, Dynamic International and Clark had been properly served in March 2007. Mr. Allen also claimed on July 9th that he could substantiate service of process on these parties through copies of affidavits prepared by his process server. Notwithstanding that representation, Mr. Allen failed to demonstrate proper service by the deadline set during the July 9th status conference. On September 14, 2007, Mr. Allen did file a "Return of Service" (doc. # 40) purportedly signed by process server Allen Russell on September 14th. The Return of Service states that Kevin Clark was personally served, but does not indicate when that service was effected or identify what was served on Mr. Clark.[2] Mr. Russell's Return of Service does not specifically reference United Properties and Construction, Inc. or Dynamic International Funding, Inc., or reflect service on those separate legal entities.

In light of the foregoing, this court finds wholly inadequate Mr. Allen's response to the August 31, 2007 Order to Show Cause. Given the procedural history of this case, I am not persuaded by Mr. Allen's sudden claim of medical hardship and not inclined to discharge my Order to Show Cause. Mr. Allen's First Amended Civil Complaint does not materially change the claims asserted against Defendants Denver Lending and Taylor or render moot their pending Motion to Dismiss.

II.     Mr. Allen's Failure to Advise Court of his Current Address

The Local Rules of Practice of the United States District Court for the District of

---

[2]Logic would suggest that Mr. Russell did not serve the First Amended Civil Complaint since that pleading bears the date of September 24, 2007, the same day it was filed with the District Court.

Colorado require that "[w]ithin ten days after any change of address, telephone number or e-mail address of any attorney or pro se party, notice of the new address, telephone number or e-mail address shall be filed." D.C. COLO. LCivR 10.1 M.

On July 9, 2007, Mr. Allen represented to the court that his address was 1449 S. Degaulle, Aurora, Colorado 80018. (*See* Courtroom Minutes/Minute Order (doc. # 33)). However, on October 1, 2007, Mr. Allen's copy of the court's August 29, 2007 Minute Order (doc. # 37) that was mailed to 1449 S. Degaulle, Aurora, Colorado 80018 was returned in the mail as "not deliverable as addressed, unable to forward." (*See* doc. # 45).

On September 14, 2007, Mr. Allen filed "Plaintiff(s) Motion for Extension of Time Defendants Denver Lending Group, Inc., Bob P. Taylor Motion to Dismiss [sic]" and "Plaintiff(s) [Brief] in Responds to Court Order to Show Cause Pursuant to Local Rule 41(1) [sic]," noting his address as 19921 E. Harvard Ave. Aurora, Colorado 80013. (*See* docs. # 41 and # 42).

On September 24, 2007, Mr. Allen filed his "First Amended Complaint," noting his address as 2291 Elm Street, Denver, Colorado 80207. (*See* doc. # 44).[3]

Mr. Allen has not filed notice with the court pursuant to D.C. COLO. LCivR 10.1 M. within ten days after any change of address or telephone number. Mr. Allen has simply filed documents with various addresses. The court need not search for and send mailings to all of Mr. Allen's possible addresses.

Accordingly, IT IS ORDERED that:

---

[3] A mailing to Mr. Allen at 2291 Elm Street, Denver Colorado 80207 regarding Civil Action No. 06-cv-2591, Tyrone W. Allen v. Equifax *et al.*, was also returned to the court as undeliverable. (*See* doc. # 47 in Civil Action No. 06-cv-2591).

1.     Defendants Bob P. Taylor and Denver Lending Group, Inc.'s Motion to Strike First Amended Civil Complaint (filed on October 2, 2007) (doc. # 46) is DENIED.  Mr. Allen's First Amended Civil Complaint (doc. # 24), filed on September 24, 2007, is deemed the operative pleading in this case.  However, the First Amended Civil Complaint does not moot the pending motion to dismiss filed by Defendants Denver Lending Group, Inc. and Bob P. Taylor on march 21, 2007 (doc. # 15).

2.     **Mr. Allen must fully comply with his service obligations under Rule 5(b)(1) and properly serve defense counsel with the First Amended Civil Complaint within 48 hours of this Order.**

3.     The court's Order to Show Cause (doc. # 39) is not discharged.  **Mr. Allen must file a response to Defendants Denver Lending Group, Inc. and Bob Taylor's Motion to Dismiss on or before October 20, 2007.  No further extensions of time will be granted.**  Mr. Allen's failure to comply with this Order will result in a recommendation for dismissal of all claims directed against these Defendants.

4.     **Mr. Allen is further directed to file with the Clerk of Court on or before October 20, 2007**, the affidavits referenced by Mr. Allen during the status conference on July 9, 2007, which purportedly document proper service upon United Properties and Construction, Inc., Dynamic International Funding, Inc. and Kevin Clark in March 2007.

5.     **Mr. Allen shall file with the court notification of his current address and telephone number on or before October 20, 2007.**

6.     Mr. Allen's "Motion for Extension of Time Defendants Denver Lending Group, Inc., Bob P. Taylor Motion to Dismiss [sic]" (filed on September 14, 2007) (doc. # 41) is MOOT.

7. The Clerk's Office is directed to mail copies of this Memorandum Order to the following addresses utilized by Mr. Allen over the course of this litigation:

2291 Elm Street
Denver, Colorado 80207

1449 S. Degaulle
Aurora, Colorado, 80018

19921 E. Harvard Ave
Aurora, Colorado 80013

DATED this 10th day of October, 2007

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge