IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00214-PSF-CBS

TYRONE W. ALLEN,

    Plaintiff,
v.

UNITED PROPERTIES AND CONSTRUCTION, INC.,
DYMANIC [sic] INTERNATIONAL FUNDING, INC.,
KEVIN CLARK,
DENVER LENDING GROUP, INC., and
BOB P. TAYLOR,

    Defendants.

## ORDER

Magistrate Judge Craig B. Shaffer

    Pending in the above-captioned matter are Defendants Denver Lending Group, Inc. and Bob Taylor's Motion to Dismiss (doc. # 56) and *pro se* Plaintiff Tyrone Allen's Motion for Summary Judgment (doc. # 69). During various hearing in this case, the parties have alluded to proceedings in *Taylor v. Allen*, Denver District Court, Case Number 07CV161 [hereinafter "State Case One"]. Indeed, Plaintiff Allen filed a "Motion for Stay of Proceedings" (doc. # 25) on May 7, 2007, in which Mr. Allen advised that a hearing had been set by the Denver District Court "in case number 07 CV 161" and represented to this court that all parties in the state action "are the identical parties in this case" and that "the matters at issue" in the state and federal lawsuits "are similar." According to Mr. Allen's Motion for Stay, the Denver District Court had expressed its intention to resolve ownership issues relating to the subject property and then address all other

1

claims alleging fraud and violations of the Truth in Lending Act. Mr. Allen suggested that

> 4.   It would be to the advantage of all parties and this honorable court to stay its proceedings at this time in these matters to avoid competing orders, and judicial conflict.
>
> 5.   The Denver District court proceeding is senior, to the proceedings in this court, and the Denver District court has stated its intent to place all matters at issue on a fast track for Resolution.

(*See* doc. # 25). I lifted the stay of proceedings in this case on July 9, 2007. This court has also been advised of another related state action, *Allen v. United Properties and Construction, Inc., et al.*, Denver District Court, Case No. 07CV0563, filed on January 18, 2007 [hereinafter "State Case Two"]. *See* Exhibit C attached to Defendant Denver District Court's Brief in Support of Motion to Dismiss (doc. # 11), filed on February 28, 2007.

Unfortunately, the parties have provided this court with decidedly different descriptions of the status of proceedings in the above-cited state cases. These differing views become more problematic in light of the pending dispositive motions in this case. For example, Defendant Taylor insists that the claim against him in this case is barred by an Order entered by the Denver District Court in State Case One and the *Rooker-Feldman* Doctrine. Plaintiff Allen, to the contrary, insists that the Denver District Court has not made any final rulings in State Case One. This court is also under the impression, perhaps incorrect, that the federal statutory claims asserted in this action have been raised in state court proceedings involving the same disputed property. **In light of these uncertainties, the parties are hereby directed to file status reports on or before January 14, 2008.** Those reports should describe in detail the status of proceedings in *Taylor v. Allen*, Denver District Court, Case Number 07CV161, and *Allen v. United Properties and Construction, Inc., et al.*, Denver District Court, Case No. 07CV0563.

The parties are further directed to provide this court with the following:

1. a print-out of the current docket sheet in State Cases One and Two;

2. a copy of the operative complaint filed in State Cases One and Two;

3. a copy of any dispositive motions [*i.e.,* motion to dismiss or motion for summary judgment] filed in State Cases One and Two;

4. a copy of any Orders or rulings issued by the Denver District Court with respect to dispositive motions filed in State Cases One and Two;

5. a copy of any Order bifurcating or staying all or a portion of the claims filed in State Cases One and Two;

6. copy of any final judgment entered in State Cases One and Two; and

7. the status of any appeals filed with respect to State Cases One and Two.

IT IS ORDERED that the parties' status reports and the above identified documents are to be filed with the court no later than **January 14, 2008**.

Dated this 2nd day of January, 2008

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge