IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00214-LTB-CBS

TYRONE W. ALLEN,

    Plaintiff,

v.

UNITED PROPERTIES AND CONSTRUCTION, INC.,
DYMANIC INTERNATIONAL FUNDING, INC.,
KEVIN CLARK,
DENVER LENDING GROUP, INC., AND
BOB P. TAYLOR,

    Defendants.

## HEARING BRIEF IN OPPOSITION OF PLAINTIFF'S MOTION FOR TRO

Defendants Bob P. Taylor ("**Taylor**") and Denver Lending Group Inc. ("**DLG**") (collectively "**Defendants**"), through undersigned counsel, submit the following Hearing Brief in Opposition of Plaintiff Tyrone W. Allen's ("**Plaintiff**") Motion for TRO (in anticipation of the motions hearing scheduled to commence in this matter on March 26, 2008).

### I. Issue Presented

In Plaintiff's "Motion for Temporary Restraining Order Request for Receivership Pursuant to Fed.R.Civ.P. 65 and Colorado Statue of Fruads Articles 38-8-108(c)(I)(II) Articles 38-10-101 et seq." (the "**Motion**"), Plaintiff asserts that title to the property located at 2291 Elm Street, Denver, Colorado (the "**Property**") is at issue in this action and that consequently, he is entitled to an order enjoining Defendants from transferring

ownership of the Property pending resolution of this case, together with the appointment of a receiver. For the reasons set forth herein, Plaintiff is not entitled to the relief sought in the Motion.

## II. Argument

Plaintiff's request for the issuance of a temporary restraining order should be denied for the following reasons:

i) Plaintiff lacks standing to challenge the validity of the Public Trustee's Deed issued to Taylor by the Public Trustee in and for the City and County of Denver, State of Colorado (the "**Denver PT**"), transferring title to the Property to Taylor (the "**PT Deed**");

ii) This Court lacks federal subject matter jurisdiction to hear any claims relative to Plaintiff's alleged ownership interest in and to the Property;

iii) Plaintiff has failed to establish as a matter of law that he is entitled to the relief sought in the Motion;

iv) Plaintiff's request for the issuance of a temporary restraining order is moot; and

v) Plaintiff has no contractual or statutory right to the appointment of a receiver.

### i) **Plaintiff lacks standing.**

Plaintiff has no right to the Property. Following a foreclosure sale, the owner has merely the statutory right to redeem and the right to possession of the premises until the expiration of the redemption period. See *Lane v. Morris*, 77 Colo. 343, 346, 237 P. 154, 155 (1925); *Bankers Bldg. & Loan Ass'n v. Fleming Bros. Lumber Co.*, 83 Colo. 335,

339, 264 P. 1087, 1089 (1928); and *Union Mut. Protective Ass'n v. San Luis State Bank*, 86 Colo. 293, 302, 281 P. 366, 369 (1929).

In other words, when an owner's right of redemption expires, all of his right, title, and interest in and to the land is extinguished. See *Baber v. Baber*, 28 Colo. App. 530, 533, 474 P.2d 630, 631 (1970). In the instant case, Plaintiff relinquished all right in and to the Property, including the right to possession, when he failed to redeem within the applicable redemption period.

Furthermore, the PT Deed constitutes *prima facie* evidence of Taylor's ownership of the Property. Pursuant to C.R.S. §38-38-504, any deed executed by the public trustee is *prima facie* evidence of compliance with all statutory requirements for the foreclosure sale and evidence of the truth of the recitals contained in such deed. See also *Carico v. Kling*, 11 Colo.App. 349, 350-351, 53 P. 390, 391 (Colo.App 1898); and *Ensley v. Page*, 13 Colo.App. 452, 453, 59 P. 225, 225 (Colo.App. 1899).

In the instant case, those recitals include the fact that Plaintiff defaulted on and breached the terms and conditions of the Deed of Trust which was foreclosed on, that all periods of redemption had expired prior to the issuance of the PT Deed, that the sum of $327,787.54 was paid to Denver PT as consideration for the issuance of the Certificate of Redemption, and that title to the Property was vested in Plaintiff pursuant to the PT Deed. Therefore, those matters have been established as a matter of law. There are no facts asserted by Plaintiff in his Motion which would establish otherwise.

By failing to redeem within the applicable redemption period, Plaintiff lost his right to claim any interest in the Property. Consequently, any dispute over the validity of the PT Deed would be between Taylor and the holder of the Certificate of Purchase

issued by the Denver PT following the foreclosure sale. In no event would the dispute involve Plaintiff, because he lost his ownership interest altogether through his own inaction when he failed to redeem the Property within the applicable redemption period.

Moreover, Plaintiff initiated suit against NewPoint Lending, LLC, challenging the validity of its foreclosure of the Property (Case No. 06-CV-01705-FSF-CBS, filed in the United States District Court for the District of Colorado). Plaintiff has since executed a Stipulation for Dismissal of his claims against NewPoint Lending, LLC *with prejudice* (the "**Stipulation for Dismissal**"). Dismissal of that suit amounts to Plaintiff's waiver of any future attack on NewPoint Lending, LLC's foreclosure on the Property.

For the foregoing reasons, Plaintiff does not have standing to challenge the validity of the PT Deed.

### ii. This Court lacks federal subject matter jurisdiction relative to Plaintiff's claims to the Property.

This Court lacks federal subject matter jurisdiction over Plaintiff's claims to the Property pursuant to the *Rooker-Feldman Doctrine.*

The Order for Possession entered by the District Court for the City and County of Denver in Case Number 07 CV 161 on January 25, 2007 quieted title to the Property in Taylor (the "**Order for Possession**"). Thereafter, Plaintiff filed a motion for reconsideration of the Order for Possession, which was subsequently denied by the state court on January 16, 2008. Accordingly, the injury sought to be redressed by Plaintiff arises directly from an Order entered by the District Court for the City and County of Denver. Therefore, Plaintiff's baseless claims to the Property relate to a state court judgment and are barred from consideration in this Court by *Rooker-Feldman*. See

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and Fed.R.Civ.P. 12(b)(1).

Accordingly, this Court does not have the authority to grant the relief sought in the Motion, as this Court lacks subject matter jurisdiction over title issues.

### iii. Plaintiff is not entitled to injunctive relief as a matter of law.

A party seeking a preliminary injunction must establish four prerequisites: (a) [he or she] will suffer irreparable injury unless the injunction issues; (b) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (c) the injunction, if issued, would not be adverse to the public interest; and (d) there is a substantial likelihood of success on the merits. *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citations omitted); *see also Johnson v. Jefferson County Bd. Of Health*, 662 P.2d 463, 470 (Colo. 1983).

Accordingly, even if Plaintiff had standing to challenge the validity of the PT Deed, which he does not, and even if this Court had jurisdiction over the subject matter, which it does not, Plaintiff would still not be entitled to injunctive relief for the following reasons:

### a. Plaintiff will not suffer irreparable injury if no injunction issues.

Plaintiff has no right to the Property. Consequently, Taylor's transfer of the Property would not result in any damages to Plaintiff.

### b. There is no threatened injury.

Plaintiff has no right to the Property. Consequently, Taylor's transfer of the Property would not result in any damages to Plaintiff.

Page 5 of 8

### c. The injunction will adversely affect the public interest.

The Colorado legislature has enacted foreclosure laws designed to protect property owners' equity while, at the same time, permitting lenders to collect delinquent debts through prompt and efficient foreclosure sales. A key part of that process is to encourage third parties to participate at foreclosure sales and to redeem junior liens. In that way, the amount derived from the foreclosure process is maximized, thereby protecting, to the extent possible, all parties concerned. If this Court were to allow this Plaintiff to use its bald and unsupported allegations to delay and frustrate the foreclosure process, then it will chill the willingness of third parties to participate in the bidding and redemption process. That chilling effect will reduce the payments made toward foreclosed properties, which will harm property owners and lenders alike, because deficiency debts will result.

### d. Plaintiff cannot demonstrate a substantial likelihood of success on the merits.

Plaintiff does not have standing to object to the validity of the PT Deed. This Court does not have subject matter jurisdiction over Plaintiff's unfounded claims to the Property. Moreover, Plaintiff has no basis for voiding United Properties and Construction, Inc.'s ("**United**") redemption rights (redemption rights, which were the source of the issuance of the PT Deed to Taylor). Simply stated, Plaintiff has no right to the Property as a matter of law.

Contrary to Plaintiff's assertions, he cannot rescind a Deed of Trust on the basis of a Truth in Lending violation **following a foreclosure sale**. Pursuant to 15 U.S.C.A. §1635(f), an obligor's right of rescission shall expire when the property is sold, which, in this case, occurred when the Denver PT auctioned the Property. Accordingly, even if

Plaintiff had standing to challenge the validity of the PT Deed, which he does not, by virtue of the foreclosure sale, Plaintiff has no right to rescind the Deed of Trust by and between Plaintiff and United.  See also *Hallas v. Ameriquest Mortgage Company, et al.*, 406 F. Supp.2d 1176, 1183 (2005).

Furthermore, nothing contained in RESPA indicates that a loan is unenforceable if the act is violated.  More specifically, even if United violated RESPA, United would have retained its interest in the Property.  As such, Taylor's acquisition of the Property through United is not subject to challenge.  Moreover, Plaintiff has asserted no factual basis to support his allegation that Taylor acquired title to the Property through fraud.  Defendants hereby incorporate their Motion to Dismiss the Amended Complaint (docket no. 56), Brief in Support of Motion to Dismiss (docket no. 16), and Reply in Support of Motion to Dismiss (docket no. 76) into this Brief.

### iv. **Plaintiff's request for an order enjoining Taylor from transferring his ownership interest in the Property is moot.**

On January 16, 2008, Plaintiff transferred all of his right, title, and interest in and to the Property to J.K.P. Enterprises, LLC.  Consequently the Motion is moot.

### v. **Plaintiff has no contractual or statutory right to the appointment of a receiver.**

Pursuant to C.R.C.P. 66, Plaintiff must establish a *prima facie* right to the Property or an interest therein, and that the Property is in danger of being lost.  In the instant case, Plaintiff has no right to the Property, nor any interest therein.  Consequently, Plaintiff has no right to the appointment of a receiver.

By submitting this Brief, Defendants do not submit themselves to the jurisdiction of this Court. To the contrary, Defendants continue to assert that this Court lacks personal jurisdiction over them.

Respectfully submitted this 25th day of March, 2008.

                    **HATCH JACOBS LLC**

By:   s/Amanda H. Halstead
       Robert W. Hatch, II, #16888
       Amanda H. Halstead, #35477
       ATTORNEYS FOR DEFENDANTS
       BOB P. TAYLOR AND DENVER LENDING GROUP INC.
       950 17th Street, Suite 1700
       Denver, Colorado 80202
       (303)298-1800

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

No e-mail recipients,

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:

VIA US MAIL
Tyrone W. Allen
4860 Chamber Road
Unit #4
Denver, Colorado 80239

Tyrone W. Allen
4860 Chambers Road
Box #14
Denver, Colorado 80239

                                s/Jennifer L. Bartelson