IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00214-LTB-CBS

TYRONE W. ALLEN,
        Plaintiff,
v.

UNITED PROPERTIES AND CONSTRUCTION, INC.,
DYNAMIC INTERNATIONAL FUNDING, INC.,
KEVIN CLARK,
DENVER LENDING GROUP, INC., and
BOB P. TAYLOR,
        Defendants.

**ORDER**

Magistrate Judge Craig B. Shaffer

On January 2, 2008, this court issued an Order (doc. # 73) directing the parties to file reports describing in detail the status of proceedings in *Taylor v. Allen,* Denver District Court, Case Number 07CV161 and *Allen v. United Properties and Construction*, Denver District Court, Case Number 07CV0563. That Order was prompted by Defendant Taylor's invocation of the *Rooker-Feldman* doctrine and his insistence that Plaintiff Allen's "Fifth Prayer for Relief" is barred by a judgment entered in *Taylor v. Allen,* Denver District Court, Case Number 07CV16. My January 2, 2008 Order also addressed the possibility that "the federal statutory claims asserted in this action have been raised in state court proceedings involving the same disputed property."

In compliance with my Order, Defendants Denver Lending and Taylor filed a Status Report (doc. # 74) on January 7, 2008, and a Supplemental Status Report (doc. # 81) on January 17, 2008. Attached as exhibits to those Reports were various pleadings, motions and court

orders filed in the state cases. In particular, I note that the Denver District Court dismissed with prejudice the claims against Defendants Taylor and Denver Lending Group in *Allen v. United Properties and Construction*, Denver District Court, Case Number 07CV0563, with an Order dated January 16, 2008. *See* Exhibit A-2, attached to the Moving Defendants' Supplemental Status Report (doc. # 81). Mr. Allen never filed a status report as required by my January 2, 2008 Order.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Klein v. Zavaras*, 80 F.3d 432, 434 (10th Cir. 1996).

> [W]here the successful pursuit of a federal claim . . . would undermine a prior state judgment or impair rights established thereby, such claim cannot survive application of res judicata principles. "Judicial economy is not the only reason for the doctrine of res judicata. Res judicata also preserves the integrity of judgments and protects those who rely on them."

*Copeman v. Ballard*, 214 Fed.Appx. 739, 741 (10th Cir. 2007) (internal citations omitted). *Cf. Allen v. McCurry*, 449 U.S. 90, 94 (1980) (by promoting the finality of judgments, the res judicata doctrine increases certainty, discourages multiple litigation, and conserves judicial resources).

The res judicata doctrine also encompasses claim preclusion, which bars a party from prosecuting in a subsequent action claims that were litigated or could have been litigated in an earlier action that resulted in a final judgment on the merits. *Strekal v. Espe*, 114 P.3d 67, 69 (Colo. 2005). Federal courts are required to give the same preclusive effect to state court judgments that would be afforded to those prior judgments by other courts in that state. *Keller v. Davidson*, 299 F. Supp.2d 1171, 1181 (D. Colo. 2004). "Under Colorado law, claim preclusion

requires four elements: (1) finality of the first judgment, (2) identify of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the action. *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999).

Mr. Allen's claims of relief in *Allen v. United Properties and Construction*, Denver District Court, Case Number 07CV0563 appear to be virtually identical to the claims alleged in the Amended Complaint in this case. This action involves the same parties (Allen, Denver Lending, and Taylor), the same real property, the same transactions, and the same claims asserted in the state action brought by Mr. Allen. It cannot be disputed that Defendants' motion to dismiss for failure to state a claim in Case Number 07CV0563 culminated in a final judgment on the merits in favor of Denver Lending and Taylor.[1] *Cf. Wells v. Premier Industrial Corp.*, 691 P.2d 765, 766 (Colo. App. 1984) ("dismissal for failure to state a claim is an adjudication on the merits pursuant to Fed.R.Civ.P. 41(b)"). *See also AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005) ('[o]rdinarily, a dismissal for failure to state a claim is treated as a dismissal on the merits"); *Federal Deposit Insurance Corp. v. Paul*, 735 F. Supp. 375, 380 (D. Utah 1990), quoting 2A Moore, *Moore's Federal Practice* ¶ 12.07 (2d ed. Supp. 1987) ("[a] motion to dismiss for failure to state a claim upon which relief can be granted [is a] dismissal on the merits and is accorded res judicata effect').

---

[1]Rule 41(b)(1) of the Colorado Rules of Civil Procedure, which addresses the involuntary dismissal of action based upon a defendant's motion, provides that

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this Rule, other than a dismissal for failure to prosecute, for lack of jurisdiction, for failure to file a complaint under Rule 3, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In view of the foregoing facts and discussion, the parties are hereby ORDERED to submit supplemental briefs addressing the possible res judicata effect of the Denver District Court's disposition of *Allen v. United Properties and Construction*, Denver District Court, Case Number 07CV0563. THESE SUPPLEMENTAL BRIEFS MUST BE FILED ON OR BEFORE JULY 31, 2008. NO RESPONSE OR REPLY BRIEFS WILL BE PERMITTED.

Dated this 9th day of July 2008

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge