IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00214-LTB-CBS

TYRONE W. ALLEN,
    Plaintiff,
v.

UNITED PROPERTIES AND CONSTRUCTION, INC.,
DYMANIC [sic] INTERNATIONAL FUNDING, INC., and
KEVIN CLARK,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Allen's failure to serve or show proof of service on the remaining Defendants in the case, to show cause as directed by the court's August 31, 2007 Order, to appear at the October 1, 2008 hearing on the court's Order to Show Cause, to prosecute this civil action, and to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. Pursuant to the Order of Reference dated January 31, 2007 (doc. # 3), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters . . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Proceeding *pro se*, Mr. Allen initiated this action on January 29, 2007 by filing "Plaintiff[']s Motion Pursuant to Rule 65(i) . . . ," seeking injunctive relief from "orders issued by Judge Mullins, Denver District Court, case number 07CV161 and interlocutory injunction against defendants title, possession and writ of restitution." (*See* doc. # 1 at p. 1; *see also* doc. # 2). On March 1, 2007, Mr. Allen filed a "Civil Complaint" that removed Defendants

Denver District Court and Denver Public Trustee's Office from the caption. (*See* doc. # 13).

On March 21, 2007, Defendants Denver Lending Group, Inc., and Bob P. Taylor filed a motion and brief to dismiss Mr. Allen's Complaint. (*See* docs. # 15 and # 16). By a Minute Order dated March 23, 2007, the court directed Mr. Allen to file his response to Defendants' Motion on or before April 10, 2007. (*See* doc. # 18). On April 23, 2007, the court granted Mr. Allen's request for an extension of time up to May 4, 2007 to file his response. (*See* docs. # 22 and # 23). On May 7, 2007, Mr. Allen filed a "Motion for Stay of Proceedings. . . ." (doc. # 25). Defendants Denver Lending Group, Inc., and Bob P. Taylor indicated their "consent to Plaintiff's Motion to Stay Proceedings." (*See* doc. # 27). On May 16, 2007, the court granted a stay and set a status conference on June 21, 2007. (*See* doc. # 28). The court subsequently reset the status conference to July 9, 2007. (*See* doc. # 31).

At the status conference held on July 9, 2007, the court lifted the stay and directed Mr. Allen to serve or show proof of service on Defendants United Properties and Construction, Inc., Dynamic International Funding, Inc., and Kevin Clark within 14 days and to file his response to the pending Motion to Dismiss within 20 days. (*See* Courtroom Minutes (doc. # 33)). As Mr. Allen had neither filed his response to the Motion to Dismiss, filed proof of service, nor taken any further action in this case, on August 31, 2007 the court issued an Order directing Mr. Allen to show cause why this civil action should not be dismissed with prejudice for failure to comply with the court's orders and rules, failure to timely serve Defendants, and failure to prosecute. (*See* doc. # 39). To date, the August 31, 2007 Order to Show Cause has not been discharged. (*See* docs. # 48 at p. 12 of 13 ¶ 3; doc. # 106). On October 10, 2007, the court again ordered Mr. Allen to, *inter alia*, serve or show proof of service on the remaining Defendants in the case and to respond to Defendants' Motion to Dismiss. (*See* doc. # 48). The court held a status conference on November 19, 2007 to address the deficiencies in Mr. Allen's purported Returns of Service

and response to the pending Motion to Dismiss. (*See* doc. # 60).

On September 3, 2008, the District Judge accepted the Recommendation of United States Magistrate Judge (doc. # 102) and dismissed Defendants Denver Lending Group, Inc. and Bob P. Taylor from the case. (*See* doc. # 105). Also on September 3, 2008 the court issued its "Order Setting Hearing on Order to Show Cause" on October 1, 2008 (*See* doc. # 106). The court mailed a copy of the Order to Mr. Allen at his address of record with the court. (*See* doc. # 106, Notice of Electronic Filing). Mr. Allen's copy of the Order has not been returned to the court in the mail as undeliverable. The court ordered Mr. Allen to appear in person at the October 1, 2008 hearing and warned Mr. Allen that failure to respond to the court's outstanding Order to Show Cause may result in a Recommendation for dismissal of this civil action. The court held a hearing on the Order to Show Cause on October 1, 2008. Mr. Allen did not appear in person, via telephone, or through counsel. Mr. Allen has not contacted the court to explain his failure to appear.

II.     Analysis

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show case order, a district judge . . . may enter an order of dismissal with or without prejudice.

D.C. COLO. LCivR 41.1. Mr. Allen has failed to appear at the October 1, 2008 Hearing, to show cause as directed by the court's August 31, 2007 Order, to prosecute this civil action, and to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. For these reasons, this civil action may properly be dismissed with or without prejudice.

Further, Mr. Allen has failed to timely serve or show proof of service on the

remaining Defendants in the case. Fed. R. Civ. P. 4(m) provides that

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

In response to the court's order to serve or show proof of service on Defendants United Properties and Construction, Inc., Dynamic International Funding, Inc., and Kevin Clark, Mr. Allen filed purported Returns of Service on September 14, 2007, October 22, 2007, and November 27, 2007. (*See* docs. # 40, # 54, and # 64). The purported Returns of Service filed on September 14, 2007 and October 22, 2007 do not indicate what documents were served. (*See* doc. # 40 at p. 1 of 1; doc. # 54 at pp. 4-9 of 9). The September 14, 2007 and October 22, 2007 Returns of Service indicate that Defendants United Properties and Construction, Inc., Dynamic International Funding, Inc., and Kevin Clark were all served through "Jan Office Manager" on October 18, 2007 (*see* doc. # 54 at pp. 7-9 of 9) and that Defendant United Properties and Construction, Inc. was also served through "Zane - Manager" on March 2, 2007 (*see* doc. # 54 at p. 4 of 9). At a hearing held on November 19, 2007, the court notified Mr. Allen that the Returns of Service were insufficient for more than one reason. (*See* Courtroom Minutes/Minute Order (doc. # 60)). On November 27, 2007, Mr. Allen re-filed the same Returns of Service with added handwritten notations purportedly indicating what documents were served. (*See* doc. # 64 at pp. 4-9 of 9).

Mr. Allen has the burden "of establishing the validity of the service of process." *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). The court finds the Returns of Service submitted by Mr. Allen insufficient to demonstrate service on the Defendants. There is no evidence in the record as to who made the handwritten notations on the Returns of Service filed by Mr. Allen on November 27, 2007. The court further notes that neither Defendants United Properties and Construction, Inc., Dynamic International Funding, Inc., nor Kevin Clark appear to be located at the address indicated on the Returns

4

of Service, 3115 South Platte River Drive, Englewood, Colorado 80110.  Neither the Colorado Secretary of State's current website, the 2007 Dex Official Directory, nor the current DexKnows.com website lists any of the Defendants as located at the address indicated on the Returns of Service.  *See Cariani v. D.L.C. Limousine Service, Inc.*, 363 F. Supp. 2d 637, 640 n. 3 (S.D.N.Y. 2005) ("This Court is permitted to take judicial notice of the phone book as a public document.") (citation omitted); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 970 (W.D. Mich. 2003) ("Public records and government documents are generally considered not to be subject to reasonable dispute.  This includes public records and government documents available from reliable sources on the Internet.") (internal quotation marks and citations omitted).  As of this date, Mr. Allen has not filed with the court proper proof of service on the Defendants and approximately eighteen months have passed since the filing of the "Civil Complaint."  Without proof of service, the court lacks personal jurisdiction over the Defendants.  *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted).  For failure to timely serve the Defendants, this civil action may properly be dismissed without prejudice.

As the statute of limitations could bar refiling of Mr. Allen's claims and in order to recommend dismissal of this civil action with prejudice, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* in order to explain the recommended dismissal.  965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order).  *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria").  *See also Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986) ("when a case is dismissed with prejudice or

dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal.").

The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

First, there has been no actual prejudice to the remaining Defendants, as they have not yet been properly served in this action. Second, substantial judicial resources have been expended on setting, resetting, monitoring, and issuing orders in this civil action. (*See, e.g.*, doc. # 48, FTR audio recording of November 19, 2007 Status Conference (doc. # 60), doc. # 102). Third, the record does not reveal that anyone other than Mr. Allen is culpable for his failure to timely serve or show proof of service on the remaining Defendants, to show cause as directed by the court's August 31, 2007 Order, to appear at the October 1, 2008 hearing on the court's Order to Show Cause, to prosecute this civil action, or to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. Fourth, the court has repeatedly warned Mr. Allen that this civil action may be dismissed for his failure to timely serve the Defendants, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice, and the Federal Rules of Civil Procedure. (*See, e.g.*, docs. # 39, # 42, # 106). Fed. R. Civ. P. 4(m) also provides sufficient warning that failure to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint may result in dismissal without prejudice. Fifth, there is no lesser sanction available under the circumstances. It would be pointless to

impose a financial sanction on Mr. Allen, who has consistently failed to comply with the court's orders. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice.

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants United Properties and Construction, Inc., Dynamic International Funding, Inc., and Kevin Clark and pursuant to D.C. COLO. LCivR 41.1 for failure to show cause as directed by the court's August 31, 2007 Order, to appear at the October 1, 2008 hearing on the court's Order to Show Cause, to prosecute this civil action, and to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the

district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 6th day of October, 2008.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge